# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

GABRIEL G. RAMIREZ,

        **Plaintiff,**

        **v.**                  **Case No. 25-C-820**

CHRIS EPLETT,

        **Defendant.**

---

## DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

---

Plaintiff Gabriel G. Ramirez is currently incarcerated at Fox Lake Correctional Institution (FLCI) and representing himself in this 42 U.S.C. § 1983 case. He is proceeding on a First Amendment retaliation claim based on allegations that Defendant Chris Eplett issued Plaintiff a false and fabricated conduct report because Plaintiff filed ten inmate complaints against him. This matter comes before the court on Defendant's motion for summary judgment on exhaustion grounds. For the following reasons, the motion will be granted and the case will be dismissed.

## BACKGROUND

At all times relevant, Plaintiff was incarcerated at FLCI and Defendant was employed as FLCI's Education Director. On May 23, 2023, Plaintiff received Conduct Report #00325567, which alleged that Plaintiff placed contraband onto his law library USB flash drive. The conduct report asserted that Plaintiff had placed a video on his USB flash drive in violation of FLCI Law Library Word Processing Computer Rules, which provides that prisoners can only use USB flash drives for typing legal work, not saving videos. Plaintiff was charged with disobeying orders, Wis. Admin. Code DOC § 303.28; lying, DOC § 303.31; damaging or altering of property, DOC § 303.38; and misuse of state or federal property, DOC § 303.39.

A disciplinary hearing was conducted on June 20, 2023.  At the hearing, Plaintiff denied putting the video on his USB flash drive and denied that the incident occurred as described in the conduct report.  Plaintiff asserts that during the hearing, he stated:

> Mr. Eplett lied, I never told him that I was working on a document for my lawyer, and I don't even have a lawyer.  This man has harassed and abused me in the past and also made racist comments to me.  I wrote him up many times, telling you guys that if you guys don't do anything about this, he will continue to abuse me.  I warned you guys, and you guys haven't done anything about it, if I was white, you would have.  I told him that there is history of Mr. Eplett writing up bogus conduct reports and lying about me.

Dkt. No. 32, ¶ 9.  After the hearing, Plaintiff was found guilty on all of the charges of Conduct Report #00325567.

On June 20, 2023, Plaintiff appealed the guilty finding to the warden.  In his appeal to the warden, Plaintiff stated that he was appealing the conduct report decision because there was no evidence presented about how the video got on his law library USB flash drive.  He again denied putting the video on the USB flash drive.  Plaintiff did not, however, allege that he believed Defendant wrote the conduct report in retaliation for Plaintiff filing past inmate complaints.  On June 29, 2023, the warden affirmed the conduct report decision.

The next day, Plaintiff filed an inmate complaint, FLCI-2023-9708, through the Inmate Complaint Review System, stating that the warden affirmed a fabricated conduct report.  Although Plaintiff asserted that the conduct report was completely fabricated and contained false information and that there was no evidence showing that he placed the video on the USB flash drive, Plaintiff did not allege that Defendant wrote the conduct report in retaliation for Plaintiff's past inmate complaints.

On July 19, 2023, the Inmate Complaint Examiner (ICE) recommended dismissing FLCI-2023-9708.  In his recommendation, the ICE stated, "The warden's decision is final regarding sufficiency of the evidence.  An inmate may appeal claims of procedural errors under DOC

2

310.06(2)." Dkt. No. 27-2 at 2. He explained that "only procedural errors are subject to review through the ICRS. There doesn't appear to be any procedural errors. It is recommended this complaint be dismissed." *Id.* The reviewing authority dismissed FLCI-2023-9708 the same day.

On July 21, 2023, Plaintiff appealed the dismissal to the Corrections Complaint Examiner (CCE). On July 27, 2023, the CCE recommended dismissing FLCI-2023-9708. In her recommendation, the CCE stated, "As noted by the facility, the warden's decision is final regarding the sufficiency of the evidence with the finding of guilt. The complainant may only raise perceived procedural errors in the disciplinary record through the ICRS." *Id.* at 6. On August 16, 2023, the Office of the Secretary dismissed FLCI-2023-9708.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

3

## ANALYSIS

Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "To satisfy the exhaustion requirement, an inmate must take each of the steps prescribed by the state's administrative rules governing prison grievances." *See Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020) (citation omitted). "The exhaustion requirement is interpreted strictly; thus, a prisoner must comply with the specific procedures and deadlines established by the prison's policy." *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016) (internal quotation marks and citation omitted). A prisoner "who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e from litigating." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

Ordinarily, inmates must exhaust administrative remedies through the Inmate Complaint Review System (ICRS). But to exhaust allegations that relate to a conduct report, Wis. Admin. Code DOC § 303.82 requires that inmates raise such issues as "defenses at the disciplinary hearing and on appeal to the warden." *Walker v. Serrano*, No. 20-CV-1555, 2021 WL 5811808, at *5 (E.D. Wis. Dec. 7, 2021); *see also Cannon v. Drost*, No. 23-3095, 2024 WL 1478873, at *2 (7th Cir. Apr. 5, 2024) (noting that inmate must raise his retaliation defense at his due process hearing and on appeal to properly exhaust administrative remedies on a retaliation claim). An inmate raising an issue related to a disciplinary hearing must appeal "to the warden within 10 days after the inmate receives a copy of the decision." Wis. Admin. Code DOC § 303.82(1). "The warden's decision is final regarding the sufficiency of the evidence." Wis. Admin. Code DOC § 303.82(4). An inmate may, however, appeal claims of procedural errors only using the ICRS. *Id.*; *see Tonn v. Meisner*, 669 F. App'x 800, 801 (7th Cir. 2016).

4

Defendant asserts that Plaintiff failed to exhaust administrative remedies because he did not raise retaliation as a defense to the conduct report. The parties dispute whether Plaintiff raised retaliation as a defense during the due process hearing. Even if Plaintiff raised the issue of retaliation during the due process hearing, he did not raise the issue of retaliation in his appeal to the warden. Plaintiff does not dispute that he did not mention retaliation in his appeal to the warden. Instead, he argues that his long history of filing inmate complaints against Defendant put the institution on notice of his belief that Conduct Report #00325567 was retaliatory. But the fact that Plaintiff has filed inmate complaints against Defendant or has alleged at some point that Defendant engaged in retaliatory conduct in the past did not put the institution or Defendant on notice that Plaintiff believed Defendant wrote the May 2023 conduct report in retaliation for Plaintiff filing past inmate complaints.

The "purpose of the exhaustion requirement is to permit prison officials the opportunity to address inmate concerns internally before an inmate initiates litigation." *Bergen v. Wisconsin*, No. 20-CV-813, 2022 WL 3369540, at \*4 (E.D. Wis. Aug. 16, 2022) (citing *Woodford v. Ngo*, 548 U.S. 81, 89 (2006); *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020)). Plaintiff's appeal did not put any official on notice of Plaintiff's retaliation claim against Defendant.[1] Therefore, Plaintiff did not exhaust the available administrative remedies before filing this action, and Defendant is entitled to summary judgment.

---

[1] Plaintiff filed an inmate complaint after the conclusion of his disciplinary hearing. Filing an inmate complaint under the ICRS is not the proper forum to raise a retaliation claim. *See* Wis. Admin. Code DOC § 303.82; *Walker*, 2021 WL 5811808, at \*5. Even if it had been, Plaintiff did not mention retaliation or any conduct protected by the First Amendment in the inmate complaint. In short, completing the administrative process for his inmate complaint did not satisfy the exhaustion requirement, here.

**CONCLUSION**

For these reasons, Defendant's motion for summary judgment (Dkt. No. 23) is **GRANTED**. This case is dismissed without prejudice. The clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 31st day of July, 2026.

William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.